**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RAFAEL ALVES SILVEIRA,

                    Petitioner,

        v.

LUIS SOTO, *et al.*,

                    Respondents.

Civil Action No. 26-7835 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

Before the Court is Petitioner Rafael Alves Silveira's ("Petitioner") Second Petition for Writ of Habeas Corpus ("Second Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention, arguing that the Petition "is based on materially changed circumstances demonstrating that [his] continued detention is no longer justified." (ECF No. 1 at 2.) Respondents filed a letter response (ECF No. 6), and Petitioner replied (ECF No. 7).

Petitioner, a citizen of Brazil, entered the United States without inspection on an unknown date. *See Alves Silveira v. Noem*, No. 26-2862 (JXN) (D.N.J. Mar. 19, 2026), ECF No. 1 (hereinafter "*Alves Silveira I*"); ECF No. 5 at 2. On March 7, 2026, Newark Police Department arrested Petitioner for simple assault and terroristic threats in connection with a domestic violence incident. *Id.*, ECF No. 5 at 2. On March 9, 2026, Immigration and Customs Enforcement ("ICE") agents took Petitioner into custody and have detained him since. *Id.* Following Petitioner's arrest and detention by ICE, he was not afforded an individualized bond hearing because he was held in mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.*

On March 19, 2026. Petitioner filed his first habeas petition, challenging the legality of his detention under 8 U.S.C. § 1225(b)(2). *Id.*, ECF No. 1. On April 22, 2026, the Court granted Petitioner's first petition and ordered Respondents to treat Petitioner as detained under 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing on or before April 29, 2026. *Id.*, ECF No. 6 at 3.

On April 27, 2026, Petitioner received an individualized bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a). (ECF No. 6, at 2.) The IJ denied Petitioner bond, finding that he failed to meet his burden of establishing that he is not a danger to the community. (ECF No. 6-1.)

On June 26, 2026, Petitioner filed the instant Second Petition, arguing that his domestic violence charges have been dismissed and expunged from his criminal record and, based on this material change in circumstances, his continued detention is no longer justified. (*See generally* ECF No. 1.) Petitioner seeks immediate release from custody or a new bond hearing. (*Id.* at 14.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

2

In his Second Petition, Petitioner argues that his due process rights are being violated because Respondents are continuing to detain him despite the material change in circumstances. (ECF No. 1 at 9-10.) Petitioner also argues that Respondents have failed to "provide Petitioner with meaningful notice of the statutory authority under which he is detained and have not given him access to an Immigration Judge for individualized custody review." (*Id.* at 10-11.) Petitioner finally argues that Respondents have violated ICE policies and practices by not accounting for his materially changed circumstances. (*Id.* at 11-12.)

The record shows that the Court previously ordered Respondents to treat Petitioner as detained under 8 U.S.C. § 1226(a). *Alves Silveira I*, ECF No. 6 at 3. Section 1226 provides for arrest and detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Therefore, Respondents are lawfully detaining Petitioner under § 1226(a). Petitioner's argument that Respondents are detaining him without meaningful notice of the statutory authority he is detained under is meritless.

Additionally, the Court ordered Respondents to provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an IJ who could assess whether he presents a flight risk or a danger to the community. *Avles Silveira I*, ECF No. 6 at 3. Petitioner concedes that he received his court-ordered bond hearing, and at the time of that hearing, the IJ found Petitioner a danger to the community based on his then-pending domestic violence charges. Therefore, Petitioner's argument that he has not been given access to an IJ for an individualized custody review is also meritless.

Finally, immigration regulations allow for a noncitizen to request a bond redetermination if their circumstances have changed materially since their prior bond determination. 8 C.F.R. § 1003.19(e). An appeal from the determination made by an IJ may then be taken to the Board of

3

Immigration Appeals. 8 C.F.R. § 1003.19(f).  In connection with his first habeas petition, Petitioner has advised the Court that he has "filed a request for a bond redetermination based on changed circumstances under 8 C.F.R. Section 1003.19(e), which is pending before the Immigration Court." *Avles Silveira I*, ECF No. 6 at 3.  Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, No. 17-34559, 2017 WL 651335, at * 3 (D.N.J. Dec. 15, 2017) (citing *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)). Therefore, to the extent Petitioner argues that his rights are being violated by his detention without a second bond hearing based on his change in circumstances, Petitioner has not exhausted his administrative remedies. Accordingly

**IT IS**, on this 22nd day of July 2026,

**ORDERED** that the Second Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**